UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.I.P. VENTURE, a California limited partnership, ) ) ) | Civil No. 07cv763-L(BLM) |
| Plaintiff, ) ) | **ORDER REMANDING ACTION TO STATE COURT** |
| v. ) ) | |
| COA FINANCIAL GROUP, LLC, a California limited liability company, and DOES 1 through 25, inclusive, ) ) ) ) | |
| Defendants. ) ) | |

On April 25, 2007 Defendant filed a notice of removal, removing this unlawful detainer action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

07cv763

Dockets.Justia.com

removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen

of a different state than each of the defendants. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519

U.S. 61, 68 (1996).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the

removal statute is strictly construed against removal jurisdiction." *Nishimoto v.

Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must

be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,

Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The notice of removal states that Plaintiff is a California citizen; however, it makes no

representation about Defendant's citizenship. Based on the allegations in the underlying

complaint, Defendant[1] is a California limited liability company. (Compl. ¶ 2.) The citizenship

of a limited liability company for purposes of diversity jurisdiction is determined by examining

the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990).

This information is not provided by Defendant. Based on the foregoing, the court finds there is

doubt as to the right of removal in the first instance. *See Gaus*, 980 F.2d at 566.

As Defendant has failed to meet its burden in establishing federal subject matter

jurisdiction, this action is **REMANDED** to the Superior Court of the State of California for the

County of San Diego, South Bay Division.

**IT IS SO ORDERED.**


DATED: May 3, 2007

_M. James Lorenz_
M. James Lorenz
United States District Court Judge

---

[1]     Although the caption on the notice of removal lists two Defendants, COA
Financial Group, L.L.C. and Andrew Moore, the only named Defendant in the underlying
complaint is COA Financial Group, L.L.C. The superior court file attached to the notice of
removal does not indicate that Mr. Moore has been named as a defendant.

07cv763

1  COPY TO:

2  HON. BARBARA L. MAJOR
   UNITED STATES MAGISTRATE JUDGE
3
   ALL PARTIES/COUNSEL
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv763