UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.I.P. VENTURE, a California limited partnership,<br><br>  Plaintiff,<br><br>v.<br><br>COA FINANCIAL GROUP, LLC, a California limited liability company, and DOES 1 through 25, inclusive,<br><br>  Defendants. | Civil No. 07cv763-L(BLM)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On April 25, 2007 Defendant filed a notice of removal, removing this unlawful detainer action from State court. The notice of removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The notice of removal states that Plaintiff is a California citizen; however, it makes no representation about Defendant's citizenship. Based on the allegations in the underlying complaint, Defendant[1] is a California limited liability company. (Compl. ¶ 2.) The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). This information is not provided by Defendant. Based on the foregoing, the court finds there is doubt as to the right of removal in the first instance. *See Gaus*, 980 F.2d at 566.

As Defendant has failed to meet its burden in establishing federal subject matter jurisdiction, this action is **REMANDED** to the Superior Court of the State of California for the County of San Diego, South Bay Division.

**IT IS SO ORDERED.**

DATED: May 3, 2007

*M. James Lorenz*
M. James Lorenz
United States District Court Judge

---

[1] Although the caption on the notice of removal lists two Defendants, COA Financial Group, L.L.C. and Andrew Moore, the only named Defendant in the underlying complaint is COA Financial Group, L.L.C. The superior court file attached to the notice of removal does not indicate that Mr. Moore has been named as a defendant.

1 | COPY TO:

2 | HON. BARBARA L. MAJOR
    UNITED STATES MAGISTRATE JUDGE

3 | ALL PARTIES/COUNSEL